**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0562-20

WHITNEY ALLEN,

    Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR,
and LAKERIDGE, AN
INDEPENDENT AND
ASSISTED LIVING
FACILITY, LLC,

    Respondents.

_____

Submitted March 14, 2022 – Decided March 23, 2022

Before Judges Sabatino and Mayer.

On appeal from the Board of Review, Department of Labor, Docket No. 216,130.

Whitney Allen, appellant pro se.

Matthew J. Platkin, Acting Attorney General, attorney for respondent (Donna Arons, Assistant Attorney General, of counsel; Kendall J. Collins, Deputy Attorney General, on the briefs).

PER CURIAM

Whitney Allen, a claimant for unemployment benefits, appeals the Board of Review's October 2, 2020 final agency decision upholding the Appeal Tribunal's denial of her claim. We affirm.

Allen was employed in New Jersey by Lakeridge, an independent and assisted living facility.[1] In March 2020 Allen stopped working because of childcare needs that arose when her children's school closed due to the COVID-19 pandemic. Allen worked every other day from mid-March through March 28, which was her final day of work. Allen was placed on paid leave through June 24. For two weeks, she received her full salary and after that, she received two-thirds of her full salary through June 23, 2020. She was then on unpaid leave beginning June 24, 2020.

Allen first filed a claim for unemployment benefits on or about March 22, 2020. A Deputy of the Division of Unemployment Insurance denied her claim, for reasons not documented on the appellate record. The Deputy mailed the denial letter to Allen's address of record on April 30, 2020. Allen admits that she received the denial letter on May 5, 2020.

---

[1] Lakeridge has not participated in this appeal.

A-0562-20

It is undisputed that the Deputy's denial letter specified the steps that a claimant such as Allen must take in order to pursue an appeal to the agency's Appeal Tribunal of a Deputy's denial of benefits. Allen did not file an appeal with the Appeal Tribunal until June 24, 2020.

An examiner with the Appeal Tribunal conducted a telephone hearing on July 21, 2020. During her sworn testimony, Allen agreed with the hearing examiner that the appeal instructions on the denial letter were "pretty clear." She stated she did not file the appeal until after she received a letter from her employer on June 5 notifying her that her payments would end on June 23. Allen acknowledged at the hearing that she waited to file because she "didn't want to be penalized for getting paid . . . and also trying to collect unemployment." However, her testimony to the Appeal Tribunal is contradicted by her brief to this court, in which she represented she did not know there was a deadline to file an appeal, and that when she finally called the agency for assistance, it allegedly did not provide her with help.

The Appeal Tribunal dismissed Allen's appeal as untimely. The Appeal Tribunal concluded that Allen had not complied with the deadline to file an appeal specified in N.J.S.A. 43:21-6(b)(1), and, moreover, that Allen had not established "good cause" for her lateness under the pertinent regulation. The Appeal Tribunal found it unnecessary to reach the merits of her claim.

 A-0562-20

Allen administratively appealed the Appeal Tribunal's decision to the Board of Review. The Board adopted the Appeal Tribunal's dismissal of her claim on the grounds of untimeliness. Allen then filed her present appeal with this court.

In reviewing this matter, we are guided by well-established principles. Generally, the final determination of an administrative agency is entitled to "substantial deference" on appeal. In re Eastwick Coll. LPN–to RN Bridge Program, 225 N.J. 533, 541 (2016). A "strong presumption of reasonableness attaches to the actions of administrative agencies." In re Carroll, 339 N.J. Super. 429, 437 (App. Div. 2001).

Our courts will not set aside agency decisions unless they are shown to be arbitrary, capricious or unreasonable; or lacking substantial support in the record; or contrary to the applicable law. In re Virtua-West Jersey Hosp. Voorhees for a Certificate of Need, 194 N.J. 413, 422 (2008). In matters such as this one involving unemployment benefits, we accord particular deference to the expertise of the Board of Review, and its repeated construction and application of Title 43. See, e.g., Brady v. Bd. of Review, 152 N.J. 197, 210 (1997); Doering v. Bd. of Review, 203 N.J. Super. 241, 245 (App. Div. 1985).

Here, it is undisputed that Allen's filing with the Appeal Tribunal was at least six weeks beyond the statutory deadline specified in N.J.S.A. 43:21-

6(b)(1). The statute provides that "within seven calendar days after delivery of notification of an initial determination or within 10 calendar days after such notification was mailed to his or their last-known address," the claimant must file appeal of the denial of benefits.

In this case, the appeal-filing deadline was either May 11 (based on the April 30 date of mailing) or May 12 (based on the May 5 date of receipt). The failure to meet the deadline may be excused, however, if the agency finds an applicant demonstrates "good cause" for the lateness, under the definition provided in the following regulation, N.J.A.C. 12:20-3.1(i):

> (i) A late appeal shall be considered on its merits if it is determined that the appeal was delayed for good cause. Good cause exists in circumstances where it is shown that:
>
> 1. The delay in filing the appeal was <u>due to circumstances beyond the control of the appellant</u>; or
>
> 2. The appellant delayed filing the appeal for <u>circumstances which could not have been reasonably foreseen or prevented</u>.
>
> [N.J.A.C. 12:20-3.1(i) (emphasis added).]

The Appeal Tribunal reasonably concluded that Allen failed to establish "good cause" for her belated filing under either subsection (1) or (2) of this regulation. Subsection (1) is not established because the circumstances that Allen testified about in attempting to justify her delay were not "beyond her

control." Ibid. She was not prevented by illness or otherwise from filing an appeal. Instead, the delay was caused by her mistaken assumption that her appeal would still be timely if filed after she stopped receiving payments from her employer, even if beyond the deadline specified in the statute. Subsection (2) is not helpful to Allen, either, because her delay was not based upon unforeseeable or unpreventable circumstances.

The Deputy's form denial letter spelled out what Allen needed to do to file an appeal, but she chose not to act until more than six weeks after the statutory deadline.[2]

In sum, although our courts generally prefer to adjudicate matters on the merits, we are unpersuaded that the Board's enforcement of the statutory time bar in this case was arbitrary, unreasonable, or capricious, or otherwise invalid.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[2] At our request, the Board's counsel provided a supplemental letter confirming that the agency did not issue a general relaxation or extension of time for filing appeals during the COVID-19 pandemic in 2020. In any event, Allen is not contending she missed the appeal filing deadline for medical or other specific reasons due to COVID-19.

A-0562-20